Dorothy Shinder v. Commissioner.
Shinder v. Commissioner
Docket No. 6956-65.
United States Tax Court
T.C. Memo 1967-73; 1967 Tax Ct. Memo LEXIS 190; 26 T.C.M. (CCH) 373; T.C.M. (RIA) 67073; April 7, 1967
*190 Dorothy Shinder, pro se, 1692A Green St., San Francisco, Calif. Sheldon M. Sisson, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined a deficiency in petitioner's income tax for the taxable year 1963 in the amount of $62.88. The issue here presented is whether respondent has erred in denying petitioner head of a household status with respect to certain expenditures which she has claimed as deductions and which have been disallowed. Petitioner claims an overpayment in tax. Findings of Fact Such facts as have been stipulated are found. Petitioner, Dorothy Shinder, is a single woman residing in San Francisco, California. Her individual income tax return for the taxable year 1963, together with four amended returns, was filed with the district director at San Francisco, California. During 1963 petitioner resided alone in a rented apartment in San Francisco. During that year no one was dependent upon her for support nor did she expend any amount for the support of any other person. During 1963 petitioner expended $225 in painting her apartment, $25 for shelving therein, $70 for moving expense from *191 one apartment to another in San Francisco, and $1,020 for rent of her apartments. Her respective landlords paid real estate taxes upon the buildings wherein her living quarters were located. Petitioner either in her original or amended returns claimed deductions for each of the above expenditures. The respondent has disallowed each. Opinion Petitioner has filed herein documents which are purported to be amended petitions. In several instances the purpose of such documents was to bring before the Court deficiencies determined by respondent for taxable years other than 1963. We do not herein consider any such documents or issues as the only year properly before us under any statute or Court rule known to us is 1963. As we read the pleadings herein, although petitioner cites many articles of the Constitution of the United States, her primary position is that to deprive her of the status of head of a household under section 1(b)(2), Internal Revenue Code of 1954, for the reason that she is a single person who rents rather than owns her living quarters is tantamount to a denial to her of equal protection of the laws under Article 14 of the amendments to the Constitution. *192 She contends that to do so is discriminatory against all persons in like circumstances. By so contending she of course discloses the fallacy of her argument. No one to our knowledge has ever successfully contended that so long as treatment by Congress of an entire class of citizens is alike, although different from its treatment of persons of other classes, it has thereby violated the Constitution as charged here by petitioner. Because petitioner's claim to the deductions set forth in our findings are, with one exception, based upon her contention that she is properly to be considered head of a household under section 1(b)(2), supra, and inasmuch as our findings disclose without the necessity for discussion that she had no dependents during the year at issue entitling her to that status, we hold she is not entitled to the deductions claimed for painting her apartment, for shelving installed therein, moving expenses, and rental of her apartments. We are at a loss to understand how such expenses would be deductible even though petitioner were held to be the head of a household. Petitioner also contends she is entitled to a deduction for taxes paid upon the buildings wherein her apartments *193 were located. The taxes she refers to are concededly not those paid by her but are instead, under some undisclosed method of computation, that portion of rentals paid by her which was used by her various landlords to pay real estate taxes on such apartments. The contention is frivolous and without merit under any law known to us and does not require discussion. So far as any such deductions are concerned, we uphold respondent's disallowance thereof. Other constitutional issues vaguely suggested by the pleadings have no merit whatsoever. Decision will be entered for the respondent.